Putnam J.
delivered the opinion of the Court. The causes of action in the first and second counts are upon promises made by the testatrix, and the fourth and fifth are for the charges of the funeral.
The fourth alleges that the expenses were incurred at the request of the executor, and it is said by the counsel for the defendant, that it cannot be joined with the other counts, and especially with the first three. It is contended that the fourth count is upon the personal undertaking of the defendant, upon which judgment must be de bonis propriis. But upon examining that count, and taking it all together, we think it sets forth a liability created by law to pay in the defendant’s character of executor, and not an individual and personal promise upon his own account. After stating that the expenses were incurred with the knowledge and consent and at the request of the *157 defendant, it is added, that thereby, and by force of the statutes in such case, made and provided, the said Israel, in Ms said capacity, became liable to pay the same sum to the plaintiff, and in consideration thereof, thereafterwards,-as executor, promised, &c.
The fifth count omits the allegation of the request of the executor, but states the same legal liability. It is not charged in either count as an express personal liability of the defendant, but the counts both rest upon an implied assumpsit in his official character.
It has been argued for the defendant, that a cause of action accruing after the death cannot be joined with a cause of action accruing in the lifetime of the testatrix. But we think that position cannot be strictly maintained. A count upon an insimul computassent with an executor, may without doubt be well joined with counts upon promises made by the testator; yet the count is upon a promise of the executor as such. The authorities cited by the counsel for the plaintiff are full to that point. It may be said, however, that the subject matters of the account arose in the lifetime, and were merely reduced to a certainty by the executor. Be it so ; yet the count is upon the promise of the executor as such, to pay the sum ascertained to be due upon the settlement. And wherever he makes such a promise to pay, the judgment will be de bonis testatoris, and not de bonis propriis.
That rule, after all, furnishes the true test whether or not the counts may be joined. If, for example, he had given his own promissory note in payment of the funeral charges, we do not suppose that a count upon it could be joined with counts upon promises of the testatrix, or upon promises of the executor as such. Such a judgment would be clearly erroneous.
But the estate in the hands of the executor is bound by law for the payment of the expenses of the decent interment of the deceased. It is just as liable for the coffin and other necessary charges of the funeral, as for necessary supplies in the lifetime. We are all clearly of opinion that the law raises a promise on the part of the executor or administrator to pay the funeral expenses, so far as he has assets. If the defendant has no assets, he should plead that matter in bar. If he has, *158 (which must be taken to be the case without such plea,) the judgment must be against them in the hands of the executor or administrator.
We are of opinion that the fourth and fifth counts may be well joined with the others, and that the judgment must be for the plaintiff against the goods of the testatrix in the hands of the executor.